Thursday, October 3d.
JUDGE BROOJCE
pronounced the opinion of the court, consisting of himself and Judges Cabell and Coalter.
“Not deciding what would be the effect of an admission, by the appellant, that he had notice of the consideration of the bond of John Jones, one of the appellees, at the time he received the money due thereon ; the court is of opinion that such notice is not admitted by the answer of the appellant to the cross bill, as seems to have been relied on by the chancellor. And the court is further of opinion, that the right of the appellant to one moiety of the land, surveyed by virtue of the certificate of settlement right, alleged in the bill of the appellant *to have been purchased in partnership, by Andrew Donnally and Archer Matthews of John Pryor, is well proved ; that it sufficiently appears that the appellee, John Jones, had notice of the title of Archer Matthews, and of the fraud prac-tised by Andrew Donnally, at the time he purchased ; and that the said decree is erroneous ; therefore it is decreed and ordered that the same be reversed, &c. ; that the cross bill of the appellee, John Jones, be dismissed ; that the said appellee pay to' the appellant his costs by him expended about his defence of that suit in the said court of chancery; and that the said appellee, Jones, deliver possession of one moiety of the one hundred and fifty-two acres of land surveyed by virtue of the certificate of settlement before mentioned, according to quality and *505 quantity, to be ascertained by commissioners to be appointed by the court of chancery ; and also execute a good and sufficient deed for the land, with special warranty, to the appellant; and that an account of improvements and profits be taken, if required by either party. And it is ordered that the first suit be remanded to the said court of chancery, to be further proceeded in according to the foregoing opinion and decree.”